IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CR-136-M |
| ) | |
| LEONEL MARTIATU, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Background**

Before the Court is Defendant Leonel Martiatu's ("Defendant's") October 8, 2015, motion to correct clerical error pursuant to Rules 35 and 36 of the Federal Rules of Criminal Procedure.

Defendant pled guilty pursuant to a plea agreement to one count of conspiracy to commit access device fraud and one count of aggravated identity theft. On January 21, 2015, the district court sentenced him to seventy-two months in prison and ordered him to pay $340,497.49 in restitution. Defendant did not appeal.

On October 8, 2015, Defendant filed the instant motion to correct clerical error. He

argues his sentence is incorrect because he was held accountable for an intended loss amount rather than the lower actual loss amount. He also contests the restitution amount.

## II. Discussion

Defendant filed his motion pursuant to Rules 35 and 36 of the Federal Rules of Criminal Procedure. A motion under Rule 35 allows for correction of clear errors that affect sentencing, if the motion is filed within fourteen days of sentencing. In this case, Defendant failed to file this motion within fourteen days of his sentencing.

Rule 36 states:

**Clerical Error**

After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Thus, Rule 36 provides for correction of clerical errors, not errors that effect a defendant's substantive rights. *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995); *United States v. Spencer*, 513 F.3d 490, 491-92 (5th Cir. 2008) (same).

Since Defendant seeks to challenge his sentence, the Court should construe his motion as a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that when a district court recharacterizes a *pro se* litigant's pleadings as a first motion to vacate, as in this case, it "must notify . . . the litigant that this recharacterization means that any subsequent § 2255

motion will be subject to restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he has." *Id.* at 383.

Defendant should therefore be notified that his motion is construed as a § 2255 motion, and that he should either withdraw his motion or amend the motion using the court's § 2255 form, so that it contains all claims he wishes to raise with respect to his conviction in No. 3:14-CR-136-M.

### III. Recommendation

The Court hereby recommends that the district court construe Defendant's motion as a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 and that the district notify Defendant that he should either withdraw his motion or amend the motion on the court's § 2255 form, so that it contains all claims he wishes to raise with respect to his conviction in Cause Number 3:14-CR-136-M.

Signed this ___ day of _____, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).